UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ARTHUR ANDERSON**                   **DOCKET NO. 2:24-cv-1659**
    **REG. # 29252-009**                      **SECTION P**

**VERSUS**                                       **JUDGE JAMES D. CAIN, JR.**

**WARDEN**                                  **MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Arthur Anderson on December 3, 2024. Doc. 1. At the time of filing, Anderson was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). Petitioner was later transferred to the Federal Correctional Institute at Yazoo City, MS (FCI-Yazoo City Low) (doc. 1) and most recently has advised the Court that his address is in Arkansas (doc. 7).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**I.**
**BACKGROUND**

Anderson filed the instant petition complaining that the BOP "failed to follow its zero-tolerance policy for sexual abuse." His petition centers around an incident that allegedly occurred in April 2024, whereby plaintiff alleges he was a victim of sexual abuse and/or "unprofessional and disrespectful" treatment by FCIO staff. *See* doc. 1, att. 2, pp. 3-4. He asks this Court to release him from "their custody." Doc. 1, p. 7, ¶ 15.

## II.
### LAW & APPLICATION

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citations omitted). If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. *AMA v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). A case is moot when the court can no longer grant any effectual relief. *See Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).

Anderson's suit is moot, as he has been transferred away from to FCIO. A prisoner's release from the allegedly offending institution generally renders his claims for injunctive relief moot. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1081 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**IT IS FURTHER RECOMMENDED** that the pending Motion for Summary Judgment (doc. 4) and Motion to Expedite of Compel Response to 28 U.S.C. 2242 Petition (doc. 6) also be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers at Lake Charles, Louisiana, this 21st day of August, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE